UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE NEMESIO LAULOPEZ ESTATE,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSUNION CONSUMER SERVICES, LLC, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 1:23-CV-01242<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This action brought by *pro se* Plaintiff Jose Nemesio Laulopez Estate ("Laulopez"), was commenced by the filing of a complaint on July 27, 2023, against Defendants Transunion Consumer Services, LLC, Equifax, and Experian (collectively, "Defendants"). (Doc. 1). Laulopez asserts claims against Defendants pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the False Claims Act ("FCA"), and the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.*. (Doc. 1). Concurrently filed with the complaint, Laulopez filed a motion to proceed *in forma pauperis*.[1] (Doc. 2). Having conducted the statutorily-mandated screening of Laulopez's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds Laulopez has failed to state a claim upon which relief may be granted.

I. **BACKGROUND AND PROCEDURAL HISTORY**

According to the complaint, Laulopez discovered several inaccuracies on his consumer report on October 21, 2022, and subsequently "started a dispute with all 3 of the

---

[1] The Court addresses the motion for leave to proceed *in forma pauperis* by separate Order. (Doc. 2).

consumer reporting agencies." (Doc. 1, at 3). At the end of November, Laulopez asserts that "the alleged dispute was completed and no inaccuracies were removed and no evidence from the investigations conducted was given." (Doc. 1, at 3). On December 22, 2022, Laulopez explains that a second investigation was conducted when he sent Defendants "a highlighted copy of [Laulopez's] consumer report with a statement containing instructions on what [he] require to be removed off of the report." (Doc. 1, at 3). Laulopez avers that the investigation was again completed "with the same results with no evidence from the investigation given." (Doc. 1, at 3). On April 24, 2022, Laulopez explains that he started a third dispute "upon discovery that information on [Laulopez's] consumer report was the result of identity theft." (Doc. 1, at 3). Laulopez asserts that the alleged information "were to be removed within 4 days of notice and Transunion, Equifax, and Experian have failed to take action to correct, delete, and block the information reported as a result of identity theft." (Doc. 1, at 3).

Laulopez contends Defendants "have all failed multiple times to conduct their business fairly and equitably for [Laulopez's] benefit and his left over 40 errors on each of [Laulopez's] consumer reports including items that are the result of identity theft." (Doc. 1, at 3). Laulopez states that he is "seeking reparations for all damages against [Laulopez] with consideration for their violations of the Fair Credit Reporting Act and the emotional and financial as a result." (Doc. 1, at 3). In addition, Laulopez is seeking monetary damages in the amount of $50,000 from each of he Defendants, as well as removal of all inaccurate items on his consumer report. (Doc. 1, at 3).

II.     **LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii); *see generally* Banks v. Cty. of Allegheny, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rts, Ltd., 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal

- 3 -

conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule

8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

   A. **LAULOPEZ FAILS TO STATE A CLAIM UNDER THE FCRA.**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Inc. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (explaining the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner"). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized

credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Under the FCRA, a litigant can assert claims against consumer reporting agencies, and in certain circumstances against furnishers of information. This case involves the former. To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.' " (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)). Where a plaintiff fails to allege that the defendant communicated inaccurate information to a credit reporting agency, what that information was, that she disputed the information with the credit reporting agency, and that the defendant failed to reasonably investigate the dispute after having been notified by the credit reporting agency, she has failed to state a plausible violation of the statute. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019).

The complaint does not establish a plausible cause of action under the FCRA. Laulopez does not indicate which section of the Act Defendants are alleged to have violated.

As best the Court can decipher, Laulopez appears to allege in a broad, conclusory fashion that Defendants are reporting false and inaccurate information about him. (Doc. 1, at 3). But he does not make any factual allegations regarding the specific nature of the false and inaccurate information, he has not alleged the accounts in question, he has not described with any specificity the misleading information, and he has not alleged that Defendants failed to respond to a dispute from a credit bureau or other entity. (Doc. 1). Laulopez, therefore, has not alleged the factual detail needed to show that a statutory violation occurred. *See Pressley, 415 F.Supp.3d at 513*.

Accordingly, Laulopez's claims against Defendants under the FCRA are dismissed without prejudice. The Court will grant Laulopez an opportunity to cure these deficiencies in an amended pleading.

B. LAULOPEZ FAILS TO STATE A CLAIM UNDER THE FCA.

Congress penalizes fraud upon the United States government through the False Claim Act providing, in part, "any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval [or] knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . . is liable to the United States Government for a civil penalty . . . ." 31 U.S.C § 3729(a)(1)(A) – (B). Congress puts teeth in this penalty by allowing "[a] person may bring a civil action for a violation of [the False Claims Act] for the person and for the United States Government" but "[t]he action *464 shall be brought in the name of the Government" and "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b).

Congress through the False Claims Act "enables private parties, known as relators, to bring enforcement actions *on behalf of the United States* to recover funds which were fraudulently obtained, and to share in any resulting damages award." *Downey v. United States*, 816 F. App'x 625, 627 (3d Cir. 2020) (emphasis added). These are known as qui tam suits. *Downey*, 816 F. App'x at 627. When a relator files a qui tam suit the action is deemed to be brought "for the person and for the United States Government." *Downey*, 816 F. App'x at 627.

Our Court of Appeals instructs an individual proceeding *pro se* may not represent third parties in federal court and a *pro se* litigant may not pursue a qui tam action on behalf of the government. *Downey*, 816 F. App'x at 627. In *Downey v. United States*, a relator *pro se* brought an action under the False Claims Act asserting he "represent[ed] the Federal Government" and sought to eliminate the budget deficit. *Downey*, 816 F. App'x at 627. Dismissing the *pro se* plaintiff's claim, the court determined that he never alleged he had a personal interest in the qui tam portion of his suit and as a *pro se* relator could not pursue the claim. *Downey*, 816 F. App'x at 627.

Laulopez similarly cannot pursue a FCA claim on behalf of the government because Laulopez is a *pro se* litigant. Laulopez's claim as pleaded also does not seek an enforcement action on behalf of the United States but instead seeks relief only for himself. (Doc. 1, at 1-3). He does not plead fraud upon the United States. (Doc. 1, at 1-3). The Court cannot discern how Defendants' relationship with Laulopez would involve the United States government, let alone fraud upon the government.

Accordingly, Laulopez's claims against Defendants under the FCA are dismissed with prejudice because allowing further amendment would be futile.

C. LAULOPEZ FAILS TO STATE A CLAIM UNDER THE GLBA.

Congress passed the Gramm-Leach Bliley Act in 1999 to protect the privacy of consumers' personal financial information. 15 U.S.C. §§ 6801-6809. Regulation P of the Act

> governs the treatment of nonpublic personal information about consumers by the financial institutions . . . [and] (1) Requires a financial institution to provide notice to customers about its privacy policies and practices; (2) Describes the conditions under which a financial institution may disclose nonpublic personal information about consumers to nonaffiliated third parties; and (3) Provides a method for consumers to prevent a financial institution from disclosing that information to most nonaffiliated third parties by 'opting out' of that disclosure, subject to the exceptions in §§ 1016.13, 1016.14, and 1016.15.

12 C.F.R. § 1016.1.

In 2014, the Bureau of Consumer Financial Protection Bureau amended Regulation P through agency rulemaking. Amendment to the Annual Privacy Notice Requirement Under the Gramm–Leach–Bliley Act (Regulation P), 79 FR 64057–01, 2014 WL 5426128 (Oct. 28, 2014). The Bureau specifically noted there is no private right of action under Regulation P. 79 FR 64057–01, 2014 WL 5426128, at *64068; *see also Bonilla v. Am. Heritage Fed. Credit Union*, No. CV 20-2053, 2020 WL 2219141, at *11 (E.D. Pa. May 7, 2020) (dismissing with prejudice individual's claim under Regulation P); *Beavers v. New Penn Financial LLC,* No. 17–747, 2017 WL 4547054, at *10 (E.D. Cal. 2017) (same).

Accordingly, lacking a private right of action, Laulopez's claims against Defendants under Regulation P of the GLBA, 12 C.F.R. § 1016.1, are dismissed with prejudice.

D. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has

'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Laulopez leave to file an amended complaint in an attempt to cure the deficiencies outlined herein regarding his claims under the FCRA. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108.

Laulopez is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Laulopez is advised to follow each claim with a corresponding good-faith request for relief. Further, Laulopez is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

IV.  **CONCLUSION**

As it stands, Laulopez's complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Laulopez leave to file an amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum, on or before **Monday, November 27, 2023**.

An appropriate Order follows.

**Dated: October 30, 2023**                                  *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **Chief United States Magistrate Judge**